UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23 CR 275 RWS |
| JOAQUIN HIDALGO OCHOA, | ) |
| Defendant, | ) |
| TAHJA' DICKERSON, | ) |
| Third Party-Petitioner. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on plaintiff's motion under Federal Rule of Criminal Procedure 32.2(c)(1)(A) to dismiss petitioner Tahja' Dickerson's Petition claiming approximately $6,995.00 U.S. currency. ECF 72, 74. Alternatively, plaintiff seeks a more definitive statement of her claim.

In February 2023, investigators identified Joaquin Ochoa as a distributor of crystal methamphetamine and fentanyl throughout the St. Louis area. As part of the investigation, law enforcement conducted multiple controlled purchases of controlled substances from defendant by an undercover officer. In March 2023, investigators executed a search warrant at 10146 Clairmont in Saint Louis County, Missouri. Officers located and seized, among other things, $6,995.00 hidden in a brown boot located behind a bed in a bedroom. Behind the same bed was a firearm. Another firearm and drugs were hidden elsewhere in that bedroom. After the search, Ochoa told investigators that he usually lives alone, with petitioner occasionally staying at the residence. Petitioner arrived at the residence while investigators were securing it. Petitioner told investigators that she did not live at the residence and, when asked, stated she did not have any cash inside.

Ochoa was thereafter charged drug trafficking and gun charges.  ECF 2.  On February 4, 2025, Ochoa pled guilty to one count of drug trafficking and, in so doing, agreed to forfeit certain property, including the $6,995.00 ("Subject Property").  ECF 52 §§ 2, 8(g).  Upon motion of the plaintiff, the Court thereafter entered a Preliminary Order of Forfeiture extinguishing Ochoa's interest in certain property, including the $6,995.00 U.S. currency found during the search of Clairmont.  ECF 58.  Pursuant to that Order, plaintiff sent a written Notice of Forfeiture via both regular and certified mail to any person who reasonably appeared to be a potential claimant with standing to contest the forfeiture, including petitioner.  The notice described the Subject Property and the procedure for filing a petition with the Court to contest forfeiture of the Subject Property. In particular, the notice stated that "the petition must be signed under penalty of perjury and set forth the pleading requirements of 21 U.S.C. § 853(n)(3)."  Included with the Notice of Forfeiture was a letter advising petitioner to pay close attention to the instructions set forth in the Notice of Forfeiture, and that failure to follow those instructions may result in losing the ability to assert an interest in the property.  A copy of the Notice and letter is attached as Exhibit A to the instant motion before the Court.  ECF 74-1.  On May 16, 2025, petitioner filed a document with the Court, which plaintiff construes as a petition to claim the Subject Property. ECF 72.

21 U.S.C. § 853(n)(3) requires a petition, among other things, "set forth the nature and extent of the petitioner's right, title, or interest in the property," describe "the time and circumstances of the petitioner's acquisition of the right title, or interest in the property," and include "any additional facts supporting the petitioner's claim."  Failure to meet these requirements necessitates dismissal of a claim.  *See United States v. Caruthers*, 765 F.3d 843, 845 (8th Cir. 2014).  Petitioner was advised of these requirements in the Notice and accompanying letter; however, her claim does not comply with these requirements because it is conclusory and lacks

2

supporting facts.  *Id.* ("Without the information required by § 853(n)(3), courts cannot assess whether a petition asserts a 'legal interest' in forfeited property.").  Specifically, petitioner fails to state exactly how much of the Subject Property she is claiming, the time and circumstances of the acquisition of the Subject Property beyond the bare assertion that the money was derived from a boutique business, how the funds came to be hidden in a boot inside Ochoa's residence, and, any other information supporting her claim.  Most importantly, petitioner has not signed her statement of claim under penalty of perjury, which requires strict compliance, as it is a solemn acknowledgment under oath of the truthfulness of the information contained therein and the consequences – which can include prosecution for perjury – if the information is later determined to be false.

Given petitioner's pro se status, the Court concludes that she should be given an opportunity to meet the requirements of the statute.  Therefore, plaintiff's alternative motion for more definite statement will be granted, and the motion to dismiss will be denied without prejudice to being refiled should petitioner fail to file an amended claim that complies with the statutory requirements of 21 U.S.C. § 853(n)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's alternative motion for more definite statement [74-1] is granted, and **petitioner Tahja' Dickerson shall submit an amended claim which complies with the statutory requirements of 21 U.S.C. § 853(n)(3), including a signature made under penalty of perjury, by September 4, 2025.  Petitioner's failure to submit an amended claim with the appropriate signature by September 4, 2025, will result in the denial of Petitioner's claim to the Subject Property without any further notice by the Court**.  Plaintiff's motion to dismiss [74] is denied without prejudice to being refiled if petitioner

fails to file an amended claim which meets the statutory requirements of 21 U.S.C. § 853(n)(3) or fails to comply with this Memorandum and Order.

                                                  */s/ Rodney W. Sippel*
                                                  RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE

Dated this 15th day of August, 2025.

4